UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA, </br></br>Plaintiff,</br></br>vs.</br></br>THE MADISON AND SUSAN GRAVES 1993 FAMILY TRUST, *et al.*,</br></br>Defendant. | 2:11-cv-00937-RLH-CWH</br></br>ORDER |

This matter is before the Court on the parties' Stipulation and Order to Extend Time to Hold Fed. R. Civ. P. 26(f) and Local Rule 26-1 Discovery Conference (#37), filed August 31, 2011.

Although not specifically identified as a stay, the parties, by way of this stipulation, request that discovery be stayed pending resolution of two motions to dismiss. The parties assert that "[i]t is ... in the best interest of all parties to await the Court's ruling on the motions to dismiss prior to setting discovery deadlines and incurring the time and expense of disclosing documents ...." *See* Stipulation (#37) at 2:14-17.[1]

As a general matter, courts have broad discretionary power to control discovery. *See e.g.*, *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). Previous published decisions in this district have addressed the standard to be applied in deciding whether to stay discovery pending a decision on a Rule 12(b)(6) motion. Ordinarily, a pending dispositive motion is not "a situation that in and of itself would warrant a stay of discovery" unless jurisdiction, venue, or immunity are preliminary issues. *See Turner Broadcasting System, Inc. v. Tracinda Corp.*, 175

---

[1] The motions in question are Defendant Susan Graves motion to dismiss (#28) and Defendant DW "Doc" Wiener's motion to dismiss (#30).

1  F.R.D. 554, 555-6 (D. Nev. 1997) (quoting *Twin City Fire Ins. v. Employers Insurance of
2  Wausau*, 124 F.R.D. 652, 653 (D.Nev. 1989)). There must be a "strong showing" as to why
3  discovery should be denied. *Id.* (citing *Blankenship v. Hearst Corp.,* 519 F.2d 418, 429 (9th
4  Cir.1975)). Dispositive motions are a frequent part of federal practice. An overly lenient
5  standard for granting requests to stay due to pending dispositive motions would result in
6  unnecessary delay in many cases. This is particularly true where no discovery requests have been
7  served and the court lacks the ability to assess the breadth of the discovery and the prejudice, if
8  any, that a defendant will suffer in responding to the requests. *See Brooks v. Macy's, Inc.*, 2010
9  WL 5297756, *2 (S.D.N.Y. 2010).

10  The Court has preliminarily reviewed the pending motions to dismiss and finds that the
11  parties have not made the strong showing necessary to support the requested stay. Neither of the
12  pending motions to dismiss addresses jurisdiction, venue, or immunity. Moreover, assuming
13  without speculating that the motions to dismiss are granted, neither would be dispositive of the
14  entire case. Indeed, if Defendant Graves motion to dismiss (#28) is granted she would remain a
15  named party to the case in her capacity as trustee for Defendant Madison and Susan Graves 1993
16  Family Trust. Although the Court recognizes that if successful on his motion to dismiss (#30)
17  Defendant Wiener may be dismissed from the case, it is confident the parties can adequately
18  address that reality during the Rule 26(f) conference. Accordingly,

19  **IT IS HEREBY ORDERED** that the parties' Stipulation and Order to Extend Time to
20  Hold Fed. R. Civ. P. 26(f) and Local Rule 26-1 Discovery Conference (#37) is **denied**.
21  DATED this 2nd day of September, 2011.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge