# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| TRAVELERS CASUALTY AND SURETY COMPANY OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>SUSAN GRAVES, *et al.*<br><br>        Defendants. | Case No. 2:11-cv-00937-PMP-CWH<br><br>**ORDER** |

   This matter is before the court upon the Defendants Susan Graves as Trustee for the Madison and Susan Graves 1993 Family Trust and The Madison and Susan Graves 1993 Family Trust' Motion to Stay Proceedings (Dkt. No. 54), filed January 6, 2012.  Plaintiff Travelers Casualty and Surety Company of America as well as Defendant Doc Wiener filed oppositions to the stay (Dkt. Nos. 57, 58). The court conducted a motion hearing on February 7, 2012.

## BACKGROUND

   This case arises out of a surety bond obtained by the Boulevard Bar, LLC from Travelers in the amount of $291,000.00.  The bond was issued in favor of the State of Nevada Department of Taxation for security for the payment of taxes.

   The Department of Taxation has filed a claim against the bond in the full amount to cover taxes allegedly owed by Boulevard Bar.  Travelers filed the instant action to procure payment from the Defendants in the full amount of the bond under a collateral security provision contained within an Indemnity Agreement entered into between Defendants and Travelers.  The Agreement provides the following:

> Indemnitors will at all times indemnify and exonerate [Travelers] from and against any and all loss, costs and expense of whatever kind which it may incur or sustain as a result of or in connection with the furnishing of the Bond and/or the enforcement of this Agreement, including unpaid

> premiums, interest, court costs and counsel fees, and any expense incurred or sustained by reason of making any investigation.
>
> . . . .
>
> To this end Indemnitors promise: a) to promptly reimburse [Travelers] for all sums paid and b) to deposit with [Travelers] on demand an amount sufficient to charge any claim made against [Travelers] on the Bond. This sum may be used by [Travelers] to pay such claim or be held by [Travelers] as collateral security against loss or cost on the Bond.

*See* Exh. 3 to Complaint (Dkt. No. 1), at 2.

The Trust Defendants filed a Motion to Stay all Proceedings pending a final determination of tax liability by the Nevada Department of Taxation.

## **DISCUSSION**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance. *Landis v. North American Co.*, 299 U.S. 248, 254-55 (1936) (citations omitted). "[T]he suppliant for a stay must make out a clear case of hardship or inequity in requiring to go forward." *Id*.

The Trust Defendants argue that a stay of all proceedings is warranted pending the Nevada Department of Taxation's final determination of the tax liability allegedly owed by Boulevard Bar. Specifically, the Trust Defendants assert that the Court's jurisdiction is dependent upon the amount of taxes owed by the bar.

Jurisdiction in this case is based on diversity of citizenship. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs, and is between . . . citizens of different States . . . ." 28 U.S.C. § 1332. Travelers' Complaint was filed to enforce the Indemnity Agreement based on the Nevada Department of Taxation's claim against the bond in the full penal sum amount of $291,000.00.

Movants contend that the latest evaluation by the Department was overstated because the Department improperly allocated $7,385,000.00 of the $10,310,515.84 to equipment and materials. Instead, the Trust Defendants claim that the majority of this contract amount was for labor. Further, the

Trust Defendants allege that the actual tax assessment is likely to be less than $75,000.00.

The issue of whether or not the Defendants should be required to deposit an amount that Travelers could be required to pay for a claim made on the bond that it issued is one that is ripe for decision. *See Safeco Ins. Co. of America v. Schwab*, 739 F.2d 431 (9th Cir. 1984). The State of Nevada has made a claim for $291,000.00, the full amount of the bond issued by Travelers. As such, the potential amount that Travelers may be required to pay is $291,000.00, an amount in excess of the jurisdictional requirement of $75,000.00. The possibility that Travelers may eventually owe less to the Department is irrelevant at this juncture.

The fact that the State of Nevada has not finalized its claim is of no consequence when considering the obligations undertaken by the Defendants in executing the Indemnity Agreement. The Department's demand of Travelers triggered the indemnity obligation of Defendants. *See id*. at 433 (finding that the indemnity contract provided collateral security after a demand was made so a request for specific performance at that time was a claim upon which relief could be granted). In essence, the Defendants undertook two separate obligations. First, Defendants agreed to reimburse Travelers for actual amounts paid. Second, Defendants agreed to deposit a sum of money equal to Traveler's maximum exposure wherein that money could be used to pay the actual amount ultimately paid by Travelers, if any, or the funds could remain on deposit to be used once a final liability is determined. The final amount claimed by the State of Nevada will be determinative of how much of the funds held on deposit that the Defendants may get back after a claim is paid by Travelers, however, the final claim amount does not need to be considered in answering the question of whether or not the Defendants may be required to post collateral security in favor of Travelers.

Defendants agreed to cover any potential loss incurred by Travelers related to the bond. Specifically, Defendants could be required to deposit an amount equal to Travelers' potential loss under the Indemnity Agreement the amount in controversy requirement is met. Travelers' current potential exposure is for the amount of $291,000.00, which is significantly higher than the jurisdictional amount in controversy requirement.

The Trust Defendants have not made a showing that hardship or inequity will result from the continued litigation of this case. For these reasons, the Court finds that a stay of proceedings is not

warranted in this matter. Accordingly,

**IT IS ORDERED** that Defendants' Motion to Stay Proceedings (Dkt. #54) is **DENIED**.

Dated this 14th day of May, 2012.

_____
C.W. HOFFMAN, JR.
UNITED STATES MAGISTRATE JUDGE